IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Anthony M. Bucci, | ) Case No. 19-23349 JAD |
| *Debtor* | ) Chapter 13 |
| | ) Docket No. |
| Anthony M. Bucci, | ) |
| *Movant* | ) |
| | ) |
| vs. | ) |
| | ) |
| Cenlar FSB, Midland Funding, Ally Financial, and | ) |
| Ronda Winnecour, Trustee, | ) |
| *Respondents* | ) |

### ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY
### FREE AND DIVESTED OF LIENS

AND NOW, this _____, on consideration of the Debtor's Motion for Sale of Property Free and Divested of Liens to Troy R. Rupert and Marlainia A. Eldred, for $399,000.00, after hearing held, this date, the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above-named Respondent, was effected on the following secured creditors whose liens are recited in said Motion for Private sale, viz:

**DATE OF SERVICE**     **NAME OF LIENOR AND SECURITY**

**July 10, 2024**          **Cenlar FSB**
                                    **425 Phillips Boulevard**
                                    **Ewing, NJ 08618**

**July 10, 2024**          **KML Law Group, PC**
                                    **701 Market Street, Suite 5000**
                                    **Philadelphia, PA 19106**

**July 10, 2024**          **Ronda J. Winnecour**
                                    **Suite 3250, USX Tower**
                                    **600 Grant Street**
                                    **Pittsburgh, PA 15219**

**July 10, 2024**          **Midland Funding**
                                    **Attn: Ryan Bell, COO**
                                    **350 Camino De La Reina, Suite 100**
                                    **San Diego, CA 92108**

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

(3)  That said sale hearing was duly advertised on the Court's website pursuant to *W.PA LBR 6004-1(c)(2)* on _____. Further advertisement was not necessary under W. PA. LBR 6004-2(a).

(4)  That at the sale hearing the highest/best offer received was that of the above Purchasers and no objections to the sale were made which would result in cancellation of said sale.

(5)  That the price of $399,000.00 by Troy R. Rupert and Marlainia A. Eldred was a full and fair price for the property in question.

(6)  That the Buyer has acted in good faith with respect to the within sale in accordance with *In Re: Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d.143 (*3d Cir. 1986).

Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED**, that the sale by Special Warranty deed of the real property described 11613 Dartmoor Drive, North Huntingdon, PA 15642 in Westmoreland County is hereby **CONFIRMED** to Troy R. Rupert and Marlainia A. Eldred for $399,000.00, free and divested of the above recited liens and claims, and, that the Movants are authorized to make, execute and deliver to the Buyers above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby, are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing.  *Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following liens(s)/claim(s) and amounts; Cenlar FSB in the approximate amount of $228,505.12. The exact pay-off amounts will be determined when the closing agent obtains the pay-offs at the time of the closing. **The mortgage will be paid in full at the time of closing;**

(2) The judgment lien with Midland Funding will *not* be paid as this lien was avoided as part of the Debtor's bankruptcy case.  This lien shall be considered to be satisfied and shall not cloud the title on this transaction.

(3) Delinquent real estate taxes and municipal fees, if any;

(4) Current real estate taxes, pro-rated to the date of closing;

(5) Normal closing costs including title search, legal fees, revenue stamps, and any other normal and necessary closing costs;

(6) The Court approved realtor commission in the amount of 5.5% plus $490;

(7) The Court approved attorney fees in the amount of $2,830.00 payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(8) The Court filing fee of $199.00 payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(9) Chapter 13 Trustee "percentage fees" in the amount of $_____ payable to "*Ronda J. Winnecour, Ch. 13 Trustee, P. O. Box 2587, Pittsburgh, PA 15230*";

(10) Debtor's spouse, Tiffany Stemler will receive fifty percent (50%) of the net proceeds after distributions are made pursuant to paragraphs one (1) through eleven (9) are paid;

(11) The Debtor is to receive up to $24,790.00 pursuant to 11 U.S.C. §522(d)(1); and,

(12) The "net proceeds" from the closing as identified on the ALTA or HUD-1 to the Chapter 13 Trustee payable to "*Ronda J. Winnecour, Ch. 13 Trustee. P. O. Box 84051, Chicago, IL*

    *60689-4002*" to be first used to pay unsecured creditors up to 100%, with any surplus to then be used for general plan funding;

(13) Other:_____.

FURTHER ORDERED that:

(1) ***Within seven (7) days of the date of this Order,*** the Movants/Plaintiffs shall serve a copy of the within *Order* on each Respondents/Defendants (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney of the Debtors, the Closing Agent, the Purchasers, and the attorney for the Purchasers, if any, and file a certificate of service.

(2) ***Closing shall occur within ninety (90) days of this Order.***

(3) ***Within seven (7) days following closing,*** the Movants/Plaintiffs shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

(5) The sale of the property is "as is, where is".

(6) The U.S. Bankruptcy Court retains jurisdiction over any litigation associated with this sale.

(7) Counsel for the Debtors is to serve this Order on the Debtor. **It is the responsibility of the Debtors to ensure that this signed Order is served on the real estate agent. It is the real estate agent's responsibility to ensure that this Order reaches the closing agent and that distribution occurs in accordance with this signed Order of Court.**

_____
Honorable Jeffery A. Deller
United States Bankruptcy Judge